**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Christopher CLEMENTS, Defendant—Appellant.**

No. 04–10630.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 18, 2005.

Decided Oct. 21, 2005.

John R. Lusk, Esq., Attorney at Law, Las Vegas, NV, for Defendant–Appellant.

Before: REINHARDT and THOMAS, Circuit Judges, and RESTANI,* Chief Judge, United States Court of International Trade.

MEMORANDUM **

Christopher Clements appeals the district court's decision denying his motion to suppress. We affirm, and deny Clements' request for a limited remand for resentencing.

The officers had reasonable suspicion to search the residence of Clements, a probationer. In *United States v. Knights*, 534 U.S. 112, 121, 122 S.Ct. 587, 151 L.Ed.2d 497 (2001), the Court held that "no more than reasonable suspicion" is required to conduct such a search. Clements cites no authority, and the court knows of none, holding that in Nevada a warrant is *required* to search the residence of a probationer where reasonable suspicion exists. Further, Clements' arrest did not terminate the officers' right to conduct such a search. *See Latta v. Fitzharris*, 521 F.2d 246, 252 (9th Cir.1975) (holding that a "parole officer's interest in inspecting [the parolee's] place of residence did not terminate upon his arrest; if anything, it intensified").

There was no dispute of fact as to whether reasonable suspicion existed. Thus, the district court did not abuse its discretion when it denied Clements' request for an evidentiary hearing on his motion to suppress. *See United States v. Howell*, 231 F.3d 615, 620 (9th Cir.2000), *cert. denied*, 534 U.S. 831, 122 S.Ct. 76, 151 L.Ed.2d 40 (2001).

Finally, in his plea agreement Clement waived the right to appeal his sentence. Therefore, he is not entitled to a limited remand for resentencing under *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005) (en banc). *See United States v. Cortez–Arias*, 403 F.3d 1111 (2005) (holding that a waiver of the right to appeal bars an *Ameline* remand).

Accordingly, the judgment of the district court is AFFIRMED.

---

* The Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.